UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUEANN TURNWALD,

       PLAINTIFF,                 CASE NO. 12-10007
v.                                      HONORABLE VICTORIA A. ROBERTS
                                        MAGISTRATE JUDGE MAJZOUB
COMMISSIONER OF SOCIAL
SECURITY,

       DEFENDANT.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On February14, 2013 Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R&R"), recommending that the Court deny Turnwald's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment.

The Court considered the Report and Recommendation, and the objections filed by Turnwald. The Magistrate Judge properly considered both Turnwald's and the Commissioner's Motions for Summary Judgment, and applied the correct legal standard in concluding that the Administrative Law Judge's (ALJ) decision was supported by substantial evidence.

Turnwald's first objection to the R&R alleges that the Magistrate Judge failed to recognize that the ALJ was wrong for stating, "the file does not indicate that the claimant was put on any physical limitations at any time." (Doc. 14 at 2). However, as the Magistrate Judge noted, the ALJ made this comment when evaluating Turnwald's lower back pain, not as a general observation concerning Turnwald's overall health. In support of this conclusion, the ALJ examined a report by Turnwald's pain specialist, Rama D. Rao, M.D., which specifically stated that Turnwald had no physical limitations. Thus, the ALJ's

observation was correct concerning any physical limitations imposed as a result of Turnwald's lower back pain.

Turnwald's second objection to the R&R alleges that the ALJ failed to explain why he did not find Turnwald credible. Turnwald says that the Magistrate Judge used boilerplate language when explaining why she agreed with the ALJ's credibility determination. However, the ALJ stated that he found Turnwald's testimony to be unreliable because it conflicted with the Residual Function Capacity Assessment, which took into account a variety of Turnwald's limitations. (Doc. 7-2 at 17) Moreover, the ALJ examined the medical records and determined that the Residual Function Capacity assessment was supported by the objective medical evidence, which failed to demonstrate that Turnwald's radiation treatment and side effects incapacitated her for more than 12 months as required for benefits. Moreover, Turnwald claims the ALJ did not 'touch' any of the factors listed in 20 C.F.R. §404.1529(c)(3).  Although the ALJ did not specifically evaluate each factor listed in § 404.1529(c)(3), testimony from the hearing on October 14, 2010 addresses many of the factors listed in § 404.1529(c)(3).  In fact, the ALJ asked many of the questions which examined many of the 404 C.F.R. §1529(c)(3) factors.

The Court **ADOPTS** the Report and Recommendation, **DENIES** Turnwald's Motion for Summary Judgment and **GRANTS** Commissioner's Motion for Summary Judgment.

**IT IS ORDERED**.

_____
Victoria A. Roberts
United States District Judge

Dated:  March 15, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 15, 2013.

S/Linda Vertriest
Deputy Clerk